ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | 3-23CR0275-M |
| ADEYEMI OMOWABI (01)<br>KEHINDE OGUNFOLAJI (02) | |

# INDICTMENT

The Grand Jury charges:

### Count One
### Conspiracy to Commit Theft of Government Money
### (Violation of 18 U.S.C. § 371)

### General Allegations

At all times relevant to this indictment:

1. Unemployment Insurance (UI) was a state-federal program that provided monetary payments (benefits) to eligible lawful workers. UI benefits were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Although state workfare agencies administered their respective UI programs, they did so in accordance with federal laws and regulations. Each state set its own additional requirements for eligibility, benefit amounts, and length of time benefits were paid. The Nevada Department of Employment, Training, and Rehabilitation (DETR) and the Massachusetts Department of Unemployment Assistance (DUA) were two state agencies charged with the management of unemployment benefits.

Indictment—Page 1

2. The President declared the ongoing coronavirus disease of 2019 (COVID-19) pandemic of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes, territories, and the District of Columbia, pursuant to Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121-5207. The President also signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act and the Families First Coronavirus Response Act. The CARES Act created various programs designed to protect workers from the consequences of COVID-19 related unemployment. Such programs established federal funds, which were administered by the U.S. Department of Labor and were distributed through state-managed UI benefit programs.

Overview of the Conspiracy

3. Beginning in or around August 2020, and continuing into September 2021 or later, in the Dallas Division of the Northern District of Texas, and elsewhere, **Adeyemi Omowabi** and **Kehinde Ogunfolaji**, the defendants, and other individuals known and unknown to the Grand Jury (co-conspirators) intentionally, knowingly, and willfully conspired, confederated, and agreed with each other to steal, purloin, and convert to their own use money of the United States, that is, UI benefits funded by the CARES Act, to which they knew they were not entitled, having an aggregate value exceeding $1,000, in violation of 18 U.S.C. § 641.

Purpose of the Conspiracy

4. It was the purpose of the conspiracy that the defendants and their co-conspirators would defraud DETR, DUA, and other state agencies charged with

managing unemployment benefits, by means of materially false and fraudulent pretenses, representations, and promises, in order to steal, purloin, and convert to their own use money of the United States—namely, UI benefits funded by the CARES Act—to which they were not entitled.

Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

5. The defendants and their co-conspirators prepared and submitted applications to DETR, DUA, and other state agencies claiming (a) that they were persons whom they were not, (b) that they were eligible to receive unemployment benefits under the various programs designed to protect workers from the consequences of COVID-19 related unemployment, and (c) that their current mailing address was 4209 McKinney Avenue, Apartment 524, Dallas, Texas 75205, in the Northern District of Texas.

6. These applications to DETR, DUA, and other state agencies contained materially false and fraudulent pretenses, representations, and promises. Named applicants had not applied for UI benefits—in fact, a number of these individuals were gainfully employed when applications were submitted in their names—and they neither received mail at, nor were otherwise associated with, the 4209 McKinney Avenue address.

7. After the UI cards were sent to the 4209 McKinney Avenue address listed in the applications, the defendants and their co-conspirators used the cards to steal,

purloin, and convert to their own use UI benefits, to which they knew they were not entitled. At least 148 UI cards were sent to the 4209 McKinney Avenue address.

## Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, the defendants and their co-conspirators committed the following acts, among others, in the Northern District of Texas and elsewhere:

8. On or about August 12, 2020, **Omowabi** used a Bank of America debit card issued in the name of J.L. ending in 2366 to access and obtain $980.00.

9. On or about August 12, 2020, **Omowabi** used a Bank of America debit card issued in the name of T.H. ending in 0664 to access and obtain $980.00.

10. On or about September 20, 2021, **Ogunfolaji** used a Bank of America debit card issued in the name of R.H. ending in 3462 to access and obtain $1,000.00.

In violation of 18 U.S.C. § 371.

<u>Count Two</u>
Theft of Government Money
(Violation of 18 U.S.C. § 641)

Between August 2020 and September 2021, in the Dallas Division of the Northern District of Texas, and elsewhere, **Adeyemi Omowabi** and **Kehinde Ogunfolaji**, the defendants, and other individuals known and unknown to the Grand Jury, willfully and knowingly did steal, purloin, and convert to their use UI benefits administered by the Nevada Department of Employment, Training, and Rehabilitation, the Massachusetts Department of Unemployment Assistance, and other state agencies but funded and administered by the U.S. Department of Labor CARES Act funds, of a value exceeding $1,000, of the goods and property of the United States.

In violation of 18 U.S.C. § 641.

<u>Counts Three and Four</u>
Using an Unauthorized Access Device
(Violation of 18 U.S.C. § 1029(a)(2))

On or about August 12, 2020, in the Dallas Division of the Northern District of Texas, and elsewhere, **Adeyemi Omowabi**, the defendant, knowingly and with intent to defraud, used one or more unauthorized access devices, obtained $1,000 or more, and by such conduct, said use affecting interstate and foreign commerce, in that **Omowabi** obtained UI benefits administered by the Nevada Department of Employment, Training, and Rehabilitation but funded and administered by the U.S. Department of Labor under the CARES Act, to wit:

| Count | Date | Defendant | Means of Identification | Amount |
|---|---|---|---|---|
| 3 | August 12, 2020 | **Omowabi** | Bank of America debit card issued in name of J.L. ending in 2366 | $980.00 |
| 4 | August 12, 2020 | **Omowabi** | Bank of America debit card issued in name of T.H. ending in 0664 | $980.00 |

In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i).

<u>Count Five</u>
Using an Unauthorized Access Device
(Violation of 18 U.S.C. § 1029(a)(2))

On or about September 20, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, **Kehinde Ogunfolaji**, the defendant, knowingly and with intent to defraud, used one or more unauthorized access devices, obtained $1,000 or more, and by such conduct, said use affecting interstate and foreign commerce, in that **Ogunfolaji** obtained UI benefits administered by the Massachusetts Department of Unemployment Assistance but funded and administered by the U.S. Department of Labor under the CARES Act, to wit:

| Count | Date | Defendant | Means of Identification | Amount |
|---|---|---|---|---|
| 5 | September 20, 2021 | **Ogunfolaji** | Bank of America debit card issued in name of R.H. ending in 3462 | $1,000.00 |

In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i).

Forfeiture Notice
(18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C) and 28 U.S.C. § 2461)

Upon conviction for the offenses alleged in Counts One and Two of this indictment, **Adeyemi Omowabi** and **Kehinde Ogunfolaji**, the defendants, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(c) as incorporated by 28 U.S.C. § 2461(c), any and all property, real or personal, constituting, or derived from proceeds obtained, directly or indirectly, as a result of the respective offense.

Upon conviction for the offenses alleged in Counts Three through Five of this indictment, the defendants shall forfeit to the United States any personal property used or intended to be used to commit the offense pursuant to 18 U.S.C. § 1029(c)(1)(C); and any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the respective offense, pursuant to 18 U.S.C. § 982(a)(2)(B).

The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of the U.S. currency constituting the gross proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), if any of the property described above, because of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL.

_____
FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
NICOLE T. HAMMOND
Assistant United States Attorney
District of Columbia Bar No. 1044796
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8713
Fax: 214-659-8773
E-mail: nicole.hammond2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

ADEYEMI OMOWABI (01)
KEHINDE OGUNFOLAJI (02)

INDICTMENT

18 U.S.C. § 371
Conspiracy to Commit Theft of Government Money
(Count 1)

18 U.S.C. § 641
Theft of Government Money
(Count 2)

18 U.S.C. § 1029(a)(2)
Using an Unauthorized Access Device
(Counts 3 – 4)

18 U.S.C. § 1029(a)(2)
Using an Unauthorized Access Device
(Count 5)

18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C) and 28 U.S.C. § 2461
Forfeiture Notice

5 Counts

A true bill rendered

_____
FOREPERSON

DALLAS

Filed in open court this 27 day of June, 2023.

Warrant to be Issued for all Defendants

_____
UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number: 3:23-MJ-600-BH (Defendant 01)